UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CASSANDRA M. MENOKEN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 16-2480 (RMC) |
| VICTORIA A. LIPNIC, Acting Chair, Equal Employment Opportunity Commission, | ) ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Before the Court is Plaintiff's Rule 54(b) Motion for Reconsideration of the Court's March 6, 2018 Memorandum Opinion and Order dismissing, with prejudice, Plaintiff's claims under the Rehabilitation Act pursuant to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. The Plaintiff, Cassandra M. Menoken, requests reinstatement of her Rehabilitation Act claims against her employer, the Equal Employment Opportunity Commission (EEOC).

After careful review, the Court finds that Plaintiff has failed to provide justification to revisit her claims under the Rehabilitation Act and will deny the Motion for Reconsideration.

**I.     BACKGROUND**

The facts were discussed in detail in the Court's March 6, 2018 Memorandum Opinion in this case and will only be repeated to the extent that they are relevant to the pending motion. *See Menoken v. Lipnic*, 300 F. Supp. 3d 175 (D.D.C. 2018). Ms. Menoken is an African-American woman who has been employed as an attorney with the EEOC for the past

1

thirty-five years. *Id.* at 179. On September 11, 2012, Ms. Menoken requested a meeting with EEOC's Disability Program Manager to discuss her need for a reasonable accommodation on the grounds that she was not "currently able to meet the demands of [her] job" because the uncertainty and delay surrounding her pending equal employment opportunity (EEO) appeals from previous complaints against the Office of Personnel Management was affecting her health. Ex. 1, Def.'s Mot. to Dismiss Pl.'s Am. Compl. or, in the Alt., for Summ. J. (Mot. to Dismiss), Confirmation of Request for Reasonable Accommodation (Request for Accommodation) [Dkt. 8-3] at 000400; *see also* Am. Compl. [Dkt. 7] ¶ 92. Ms. Menoken requested "[p]aid leave for 6 months or until such time as [her] discrimination complaints are adjudicated (whichever is longer)." Request for Accommodation at 000400. Chief Operating Officer Withers (COO Withers) allegedly arranged for processing of Ms. Menoken's accommodation request to be delayed and offered to settle it by approving Ms. Menoken's reasonable accommodation request if she absolved EEOC of liability with respect to any claims arising from her employment. Am. Compl. ¶¶ 94, 96. Ms. Menoken rejected the settlement offer. *Id.* ¶ 97.

On February 6, 2013, Ms. Menoken filed a formal EEO complaint alleging a hostile and adverse work environment. *See id.* ¶ 27. She filed another EEO complaint on September 26, 2014, "asserting violations of the Rehabilitation Act after learning that EEOC had disregarded her right to medical privacy as well as her right not to be subjected to unwarranted medical inquiries." *Id.* ¶ 42. This second complaint alleged that "EEOC arranged for a stranger, not employed by the government, to repeatedly access and review medical information in Plaintiff's [Office of Workers' Compensation] file." *Id.* ¶ 43. An Administrative Judge dismissed both complaints. *Id.* ¶ 49.

On December 20, 2016, Ms. Menoken filed this action, which was later amended, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Rehabilitation Act (Rehab Act), 29 U.S.C. § 701, *et seq. Menoken*, 300 F. Supp. 3d at 182. The Court dismissed Ms. Menoken's Amended Complaint in its entirety for failure to state a claim on which relief could be granted. *See id* at 190. As to Ms. Menoken's reasonable accommodation claim, the Court concluded that she was not a "qualified individual" and that the accommodation requested was not reasonable. *Id.* at 185-87. Further, the Court concluded that Ms. Menoken's complaint failed to state a claim for breach of confidentiality, that a claim of "interference" is not cognizable as a separate claim under the Rehab Act, and that Ms. Menoken failed to allege a claim for unlawful access of her medical records. *Id.* at 187-88. As to Ms. Menoken's Title VII claim of a retaliatory hostile work environment, the Court concluded that her complaint failed to allege sufficiently severe or pervasive hostile acts that could have interfered with her work. *Id.* at 190.

Ms. Menoken now moves under Rule 54(b) for the Court to reconsider its dismissal of her claims under the Rehab Act. Pl.'s Mot. for Recons. [Dkt. 17]. As grounds for her motion, Ms. Menoken states the following:

> 1. The Memorandum Opinion evinces a fundamental misapprehension of the operative facts and governing law supporting the legal sufficiency of Plaintiff's claims that Defendant unlawfully interfered with her efforts to exercise rights under the Rehabilitation Act and unlawfully failed to provide her a reasonable accommodation.

> 2. The Memorandum Opinion evinces a fundamental misapprehension of the operative facts and governing law supporting the legal sufficiency of Plaintiff's claims that Defendant violated the Rehabilitation Act when it allowed an unauthorized individual to access Plaintiff's Workers Compensation file to monitor medical information in that file.

> 3. Reinstatement of Plaintiff's Rehabilitation Act claims is appropriate and necessary to avoid a manifest injustice.

*Id.* at 1. Additionally, Ms. Menoken filed a memorandum in support of her motion. Mem. of P. & A. Supporting Pl.'s Mot. for Recons. (Mem.) [Dkt. 17-1]. EEOC opposed. Def.'s Opp'n to Pl.'s Mot. for Recons. (Opp'n) [Dkt. 21]. Ms. Menoken replied. Reply to Def.'s Opp'n to Pl.'s Mot. for Recons. (Reply) [Dkt. 22]. The motion is ripe for review.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "The Court has broad discretion to hear a motion for reconsideration brought under Rule 54(b)." *Isse v. American Univ.*, 544 F. Supp. 2d 25, 29 (D.D.C. 2008). Courts in this jurisdiction have established that reconsideration is appropriate "as justice requires." *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). A court may consider "whether the court 'patently' misunderstood a party, made a decision beyond the adversarial issues presented to the court, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court." *United States v. Dynamic Visions, Inc.*, 321 F.R.D. 14, 17 (D.D.C. 2017).

## III. ANALYSIS

### A. Medical Inquiries & Confidentiality Claims

Ms. Menoken argues that the Court mistakenly concluded that her medical inquiries and confidentiality claims are not actionable. *See* Mem. at 5-6. The Court found a problem of timing with Plaintiff's alleged confidentiality claims. *See Menoken*, 300 F. Supp. 3d

at 187. Ms. Menoken alleges that the documents were considered and accessed without authorization as part of a Workers' Compensation claim in 2014, but EEOC's investigation and consideration of Ms. Menoken's Rehab Act reasonable accommodation request concluded in April 2013. *See* Am. Compl. ¶¶ 42-43; *see also* Ex. 3, Mot. to Dismiss, Letter from Donna Walton [Dkt. 8-5]. Additionally, the Court found a lack of alleged harm from unauthorized access to Ms. Menoken's Workers' Compensation records. *See Menoken*, 300 F. Supp. 3d at 188 n.2. The Court dismissed Ms. Menoken's "medical inquiries" claim because it found that her complaint included no allegation that the EEOC made unlawful inquiries into her medical history and did not identify any provision of the Rehab Act authorizing suit for lawful inquiries. *Id.* at 188.

In the current motion, Ms. Menoken now states that her Amended Complaint was not clear and that she intended the medical inquires and confidentiality claims to be separate from her reasonable accommodation Rehab Act claim. That was not her position in briefing the motion to dismiss. Instead, Ms. Menoken specified the five claims raised in her Amended Complaint and included the medical inquires and confidentiality claims as part of her Rehab Act claims. *See Menoken*, 300 F. Supp. 3d at 185. As did Plaintiff in explaining her opposition to the motion to dismiss, the Court analyzed her "confidentiality" and "interference and unlawful access" claims separate and apart from her "reasonable accommodation" claim. *See id.* at 184-89. Ms. Menoken offers nothing to warrant reconsideration.

### B. Failure to Provide a Reasonable Accommodation Claim

Ms. Menoken argues that the Court mistakenly overlooked or misapprehended facts showing she was "qualified" under the Rehab Act and unlawfully denied a reasonable accommodation. *See* Mem. at 6-7. To advance a claim for a violation of the Rehab Act, a

5

plaintiff must allege that: (1) she had a disability within the meaning of the statute; (2) the employer had notice of the disability; (3) "with [or without] reasonable accommodation [the employee] could perform the essential functions of [the] job"; and (4) "the employer refused to make such accommodations." *Floyd v. Lee*, 968 F. Supp. 2d 308, 316 (D.D.C. 2013). The Court held that Ms. Menoken did not respond to the argument that she was not a "qualified individual" and so waived her chance to do so. *Menoken*, 300 F. Supp. 3d at 185. Additionally, the Court found that "the very accommodation requested was to *not* perform the necessary functions of her position for so long as her EEO charges were pending, which is the exact opposite of showing that she was qualified to perform her job with an accommodation." *Id.* at 186. The Court concluded that Ms. Menoken's reasonable accommodation claim failed as a matter of law because her requested accommodation of paid leave for an extended period of unknown duration was not reasonable. *Id.* at 187.

Ms. Menoken claims that she did not demand to be accommodated by a grant of unlimited paid leave. *See* Mem. at 6. She points to her declaration where she alleges that her requests were denied for EEOC to arrange alternative processing for her OPM appeals or for reassignment to another position in EEOC. *See id.* at 6-7; *see also* Decl. of Cassandra M. Menoken in Supp. of Am. Compl. [Dkt. 10-1] ¶ 3. However, the Amended Complaint specifically mentions Ms. Menoken's September 11, 2012 request to EEOC to discuss her need for a reasonable accommodation. *See* Am. Compl. ¶ 92. The Court has before it Ms. Menoken's written request of the same date seeking "[p]aid leave for 6 months or until such time as my discrimination complaints are adjudicated (whichever is longer)." Request for Accommodation at 000400.

Ms. Menoken does not dispute that indefinite leave is not a reasonable accommodation as a matter of law, nor does she address the Court's conclusion that she waived her chance to respond to the argument that she was not a "qualified individual." Because Ms. Menoken is not a "qualified individual" and her requested accommodation of paid leave for an extended period of unknown duration was not reasonable, her reasonable accommodation claim fails as a matter of law. Ms. Menoken's motion for reconsideration, therefore, offers no compelling justification to revisit her reasonable accommodation claim.

### C. Interference Claim

Ms. Menoken argues that the Court mistakenly held that a claim of interference is not actionable. *See* Mem. at 3-5. The Court found that an employee may challenge the result of the process identifying and providing or not providing an accommodation but that the law does not recognize a claim concerning the sufficiency of the process itself. *See Menoken*, 300 F. Supp. 3d at 188; *see also Pantazes v. Jackson*, 366 F. Supp. 2d 57, 70 (D.D.C. 2005) (finding that because the process of identifying a reasonable accommodation is not an end in itself, to raise a claim the employee must show that as a result of the process the employer failed to fulfill the requirements of the Act). Ms. Menoken alleged that the settlement offered by COO Withers constituted "interference," but the Court held that this is not cognizable as a separate claim from her reasonable accommodation claim under the Rehab Act. *See Menoken*, 300 F. Supp. 3d at 188.

Ms. Menoken points to subsection (b) of the Rehab Act's prohibition against retaliation and coercion. *See* Mem. at 3. It provides the following:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her

7

> having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

42 U.S.C. § 12203(b). Subsection (b) is treated as a retaliation provision in this jurisdiction. *See Doak v. Johnson*, 798 F.3d 1096, 1099 (D.C. Cir. 2015). To establish a *prima facie* case of retaliation, a plaintiff must show that: "(i) she engaged in statutorily protected activity; (ii) she suffered a materially adverse action by her employer; and (iii) a causal link connects the two." *Solomon v. Vilsack*, 763 F.3d 1, 14 (D.C. Cir. 2014) (quoting *Jones v. Bernanke*, 557 F.3d 670, 677 (D.C. Cir. 2009)) (internal quotation marks omitted). Ms. Menoken was engaged in a statutorily protected activity by requesting a reasonable accommodation. *See Smith v. District of Columbia*, 430 F.3d 450, 455 (D.C. Cir. 2005) (finding that the plaintiff engaged in a statutorily-protected activity when she filed her first EEOC complaint).

Ms. Menoken fails to show that she suffered a materially adverse action by her employer. "While actionable 'adverse actions in the retaliation context encompass a broader sweep of actions than those in a pure discrimination claim' and need not necessarily 'affect the terms and conditions of a claimant's employment,' an employee bringing a claim of retaliation under the [Americans with Disabilities Act] must nevertheless establish that a reasonable employee would have found the action materially adverse." *Mack v. Georgetown Univ.*, No. 15-793, 2017 WL 4325596, at *18 (D.D.C. Aug. 4, 2017) (quoting *Paschal v. District of Columbia*, 65 F. Supp. 3d 172, 177 (D.D.C. 2014)). Ms. Menoken alleges that COO Withers unlawfully arranged for processing of her accommodation request to be delayed and offered to settle by approving Ms. Menoken's reasonable accommodation request if she absolved EEOC of liability with respect to any claims arising from her employment. Am. Compl. ¶¶ 94, 96; *see also* Mem. at 4. However, this Court has determined that Ms. Menoken's requested accommodation was not reasonable. An employer and employee determine a reasonable accommodation best

"through a flexible, interactive process." *Pantazes*, 366 F. Supp. 2d at 70 (citing 29 C.F.R. § 1630.2(o)(3)). The "interference" Ms. Menoken alleges is simply part of this interactive process after requesting an accommodation that was not reasonable; it is not an adverse action.

Not only is the sufficiency of the process of determining a reasonable accommodation not challengeable under the Rehab Act, but even if Ms. Menoken's claim were construed under 42 U.S.C. § 12203(b), a *prima facie* case could not be established because she cannot show a materially adverse action by her employer. Ms. Menoken, therefore, offers no justification to revisit her interference claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's Motion for Reconsideration. A memorializing Order accompanies this Memorandum Opinion.

Date: July 19, 2018                                         /s/
                                                         ROSEMARY M. COLLYER
                                                         United States District Judge