UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASSANDRA M. MENOKEN,<br>*Plaintiff*,<br>v.<br>CHARLOTTE A. BURROWS, Chair,<br>Equal Employment Opportunity Commission,<br>*Defendant*. | Civil Action No. 16-2480 (DLF) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED AND SUPPLEMENTAL COMPLAINT**

Defendant Charlotte A. Burrows, the Chair of the Equal Employment Opportunity Commission ("EEOC" or "Commission"), by and through undersigned counsel, hereby answers Plaintiff's Second Amended and Supplemental Complaint (ECF No. 39) ("SAC").

**Affirmative Defenses**

1. The SAC fails to state a claim upon which relief can be granted.

2. Plaintiff failed to exhaust administrative remedies, including with respect to allegations that are beyond the scope of any timely filed administrative charges of discrimination (*e.g.*, issues and bases outside the scope of said administrative charges).

3. To the extent Plaintiff seeks relief for alleged conduct occurring more than the prescribed number of days within which she was required to initiate counseling or file an administrative complaint, such claims are time barred.

4. Plaintiff is barred from bringing any claim for which she did not timely comply with applicable regulations and statutes of limitations.

5. Defendant had non-discriminatory reasons for its alleged actions, and Plaintiff cannot show those reasons to be pretext for retaliation.

6. Defendant did not commit the alleged actions for retaliatory reasons; but even assuming it did, such actions would have been taken in any event for legitimate, nonretaliatory, and nonpretextual reasons.

7. Plaintiff cannot show that Defendant's conduct was severe or pervasive.

8. Plaintiff is not a qualified person with a disability.

9. Plaintiff did not request an accommodation that is reasonable.

10. Plaintiff is not entitled to damages and failed to mitigate damages. Plaintiff, who is proceeding *pro se*, is not permitted an award of attorney's fees.

11. Defendant maintains an effective administrative process for preventing and correcting any improper, retaliatory, discriminatory, or harassing conduct, and Plaintiff unreasonably failed to avail herself of these opportunities to protect herself from any allegedly improper conduct.

12. Plaintiff waived the claims set forth in the SAC by her own course of conduct and, thus, Plaintiff's claims are barred by the doctrines of unclean hands, laches, and estoppel.

**Responses to the Numbered Paragraphs**

All allegations in the SAC, including the relief sought, are denied except to the extent specifically admitted herein. Defendant responds to the numbered paragraphs of the SAC as follows:

1. Defendant incorporates its averments set forth in paragraphs 6 through 125 of Defendant's Answer to Plaintiff's Amended Complaint (ECF No. 32) ("Answer").

2. Defendant admits only that on September 15, 2020, the D.C. Circuit affirmed in part and reversed in part the District Court's ruling issued on March 6, 2018, as set forth in *Menoken v. Dhillon*, 975 F.3d 1 (D.C. Cir. 2020). The D.C. Circuit's Opinion and Judgment speak

for themselves, and Defendant denies any allegations inconsistent therewith.  Defendant denies all other allegations in this paragraph.

3. Defendant admits only that on September 15, 2020, the D.C. Circuit affirmed in part and reversed in part the District Court's ruling issued on March 6, 2018, as set forth in *Menoken v. Dhillon*, 975 F.3d 1 (D.C. Cir. 2020).  The D.C. Circuit's Opinion and Judgment speak for themselves, and Defendant denies any allegations inconsistent therewith.  Defendant denies all other allegations in this paragraph.

4. Defendant admits only that Plaintiff filed the First Amended Complaint.  The First Amended Complaint speaks for itself, and Defendant denies any inconsistent representations as to its contents.  Defendant denies all other allegations in this paragraph.

5. Defendant admits only that on September 15, 2020, the D.C. Circuit affirmed in part and reversed in part the District Court's ruling issued on March 6, 2018, as set forth in *Menoken v. Dhillon*, 975 F.3d 1 (D.C. Cir. 2020).  The D.C. Circuit's Opinion and Judgment speak for themselves, and Defendant denies any allegations inconsistent therewith.  Defendant denies all other allegations in this paragraph.

6. Denied.

7. Defendant admits only that on September 15, 2020, the D.C. Circuit affirmed in part and reversed in part the District Court's ruling issued on March 6, 2018, as set forth in *Menoken v. Dhillon*, 975 F.3d 1 (D.C. Cir. 2020).  The D.C. Circuit's Opinion and Judgment speak for themselves, and Defendant denies any allegations inconsistent therewith.  Defendant denies all other allegations in this paragraph.

8. Defendant admits that the SAC brings allegations under Title VII of the Civil Rights Act and the Rehabilitation Act against Charlotte Burrows, the Chair of the Equal Employment Opportunity Commission, Plaintiff's former employer.

9. Denied.

10. Defendant admits that Plaintiff purports to seek a declaratory order, a permanent injunction, and certain other legal or equitable relief.  Defendant denies that Plaintiff is entitled to any relief whatsoever and denies that it has acted unlawfully or that there have been any "broad and pernicious effects" of its actions.

11. Denied.

12. Defendant admits that Plaintiff alleges jurisdiction under various statutes listed in this paragraph and that the alleged actions purportedly took place in the District of Columbia. Defendant further admits that venue is proper under 28 U.S.C. § 1391(b).  Defendant denies the remaining allegations in this paragraph.

13. Defendant admits that Plaintiff is an attorney and former employee of the Commission.  Because Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, those allegations are denied.

14. Admitted.

15. Admitted.

16. Defendant admits the EEOC provides guidance in the private and public sectors regarding Title VII, Rehabilitation Act, Equal Pay Act, and the Genetic Non-Discrimination Act.

17. Defendant admits that EEOC's Office of Federal Operations adjudicates appeals of Final Agency Decisions filed by federal employees.  Defendant denies the remaining allegations in this paragraph.

18. Defendant admits only that the Office of Federal Operations issues decisions in accordance with 29 C.F.R. § 1614.405, and that generally, with some exceptions for procedural matters, "final" appellate adjudications are rendered through a vote of the sitting Commissioners, with the Chair of the Commission recused. Defendant denies the remaining allegations in this paragraph.

19. Denied. Defendant incorporates its averments set forth in paragraphs 26 through 52 of its Answer.

20. Denied.

21. Denied.

22. Because Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, those allegations are denied.

23. Admitted.

24. Because Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, those allegations are denied.

25. Admitted.

26. Defendant admits that Plaintiff's EEO Complaint 2019-0014 is pending with the Commission's Office of Equal Opportunity in accordance with 29 C.F.R. § 1614.110. Because Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, those allegations are denied.

27. Defendant admits that Plaintiff's EEO Complaint 2015-0042 is pending on Appeal with the Office of Federal Operations. Defendant denies the remaining allegations in this paragraph.

28. Defendant admits that Carlton Hadden is Director of the Office of Federal Operations.

29. Because Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, those allegations are denied.

30. Denied.

31. Defendant admits that Plaintiff was a GS-15 Attorney prior to her retirement from the Commission. Because Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, those allegations are denied.

32. Because Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, those allegations are denied.

33. Because Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, those allegations are denied.

34. Because Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, those allegations are denied.

35. Admitted.

36. Admitted.

37. Admitted.

38. Denied.

39. Admitted.

40. Admitted.

41. Because Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, those allegations are denied.

42. Denied. Defendant incorporates its averments set forth in paragraphs 6 through 62 of its Answer.

43. Defendant admits that Claudia Withers was the former Chief Operating Officer and an employee of the Commission from May 3, 2010, to November 14, 2014, until she retired from the federal service. Because Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, those allegations are denied.

44. Denied. Defendant incorporates its averments set forth in paragraphs 62 through 124 of its Answer.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied

50. Denied.

51. The document Plaintiff filed as ECF No. 2801 speaks for itself, and Defendant denies any inconsistent representations as to its contents. Defendant denies all other allegations in this paragraph.

As to Plaintiff's first cause of action, Defendant incorporates its responses to paragraphs 1 through 51 above and its responses to paragraphs 1 through 125 in its Answer. Defendant denies that it has violated Title VII of the Civil Rights Act of 1964 or the Rehabilitation Act. Defendant denies all other allegations set forth in this paragraph.

As to Plaintiff's second cause of action, Defendant incorporates its responses to paragraphs 1 through 51 above and its responses to paragraphs 1 through 125 in its Answer. Defendant denies

that it has violated Title VII of the Civil Rights Act of 1964 or the Rehabilitation Act.  Defendant denies all other allegations set forth in this paragraph.

The remainder of the SAC sets forth Plaintiff's request for relief and a jury demand.  Defendant denies that Plaintiff is entitled to the requested relief.  Like Plaintiff, Defendant demands a trial by jury.

Dated: January 5, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:  /s/ *Douglas C. Dreier*
DOUGLAS C. DREIER, D.C. Bar #1020234
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
(202) 252-2551
douglas.dreier@usdoj.gov

*Counsel for Defendant*