UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASSANDRA M. MENOKEN,<br><br>*Plaintiff,*<br><br>v.<br><br>CHARLOTTE A. BURROWS,<br>Chair, U.S. Equal Employment Opportunity Commission,<br><br>*Defendant.* | Civil Action No. 16-2480 (DLF) |

## JOINT STATUS REPORT

Plaintiff Cassandra M. Menoken and Defendant, the Chair of the Equal Employment Opportunity Commission ("EEOC"), respectfully submit this joint status report pursuant to the Court's February 2, 2023 Minute Order.

**Plaintiff's Statement**

1. <u>Summary of Meet and Confer Process</u>

The parties initially conferred on February 3, 2023 and advised of their respective views on future scheduling in this case. The February 3 exchange revealed the parties' agreement that mediation dates should not be part of the schedule. The exchange also revealed profound differences in their interpretations of the scope and sufficiency of the Court's decision, especially as regards the rulings granting partial summary judgment to EEOC. As of this writing, EEOC has noted no concerns as to the sufficiency of the Court's rulings granting partial summary judgment to Plaintiff.

On February 3, Plaintiff expressly noted her concern that various aspects of the Court's decision can reasonably be viewed as facially at odds with the underpinnings of the Circuit's

mandate to the extent the mandate encompasses EEOC's admissions, during oral argument, upon pointed questioning from Judge Millett. Plaintiff further noted the same could be said with regard the decision's consistency with controlling case law in this Circuit on Rule 56 and the Americans with Disabilities Act.

In the absence of any response to the concerns expressed on February 3, on February 8, Plaintiff emailed EEOC's Counsel to advise of her view that this case is not in a posture to proceed to trial -- in part, because Plaintiff believes she has been prejudiced by the grant of partial summary judgment to EEOC where the Court's rulings rely on "facts" **not** included in the "material facts statement" that accompanied EEOC's summary judgment motion.  One can reasonably infer that EEOC's choice to *exclude* certain "facts" from its material facts statement was rooted in a desire to avoid drawing attention to "facts" referenced in its brief that have *zero* basis in the record. In other words, "facts" EEOC simply made up.

Plaintiff's February 8 email also noted, for purposes of scheduling, the relevance of the fact that she has three related administrative appeals pending with EEOC -- the most recent of which will not be "exhausted" until April 6, 2023.  Plaintiff advised of her desire to include those matters in this action.  EEOC advised of its intention to oppose any further attempt to amend or supplement the operative pleading in this case. Although it is a dispute the Court can address at the time the issues are joined, Plaintiff herein advises of her belief that further amending her complaint would not require reopening discovery.  Plaintiff hastens to add, however, that she reserves the right to seek appropriate relief -- at trial, or in rulings prior thereto – to hold EEOC accountable for the mockery it made of the discovery process last year. .

Finally, Plaintiff  advises the Court of a related case currently before the Federal Circuit. See  Menoken v. MSPB,  Fed. Cir No. 22-2301 (*filed* Sept. 30, 2022). The case is related in the

sense that the retaliation claims in this action factually intersect with the "due process" claim now before the Circuit. Plaintiff believes the Circuit matter is relevant to future scheduling, in part, because that court recently granted Plaintiff's request that the court take judicial notice of the summary judgment record in this case. See Docket No. 17 (January 24, 2023 Order).

The record will reflect that EEOC took no position on the judicial notice motion filed with the Federal Circuit (although it could have). However, when advised of Plaintiff's intent to seek the same relief in this case, Counsel advised that EEOC would oppose it.

2.     Plaintiff's Proposed Schedule and Rationale

It is in the foregoing context, and pursuant to her understanding of EEOC's position on scheduling as of February 22 , 2023, that Plaintiff proposes the following schedule at this time.

- **Plaintiff's Motion For Order Taking Judicial Notice of MSPB Record** [due by April 10, 2023]
- **Plaintiff's Motion To File Third Amended and Supplemental Complaint** [due by May 8, 2023 or 30 days after entry of scheduling order] (whichever is longer)
- **Joint Status Report proposing future schedule [**due within 21 days of latest ruling on motions seeking judicial notice and to amend]
- **Status Conference** [on date determined by the Court]

Plaintiff believes the foregoing schedule would align with the interests of efficiency, fairness and justice. It would also align with this Court's management approach in other cases. See e.g. Brigada v. Buttigieg, No. 16-02227 (DLF) ( monitoring disputes revealed in periodic status reports) and Bennett v. District of Columbia, No. 18-1839 (DLF) (authorizing supplemental briefing on summary judgment).

**Defendant's Statement**

1. The parties have a significant and lengthy history litigating against one another, and based on past experience, Defendant contends that mediation will not be productive in this action at this time.

2. Defendant is ready to proceed toward trial on the two narrow theories[1] that remain in this case. Defendant requests that the Court either set a date for a status conference so that the Court may set a schedule for further proceedings, or alternatively that the Court set a trial date and deadlines for pretrial submissions.

3. The Court did not grant partial summary judgment to Plaintiff. Order (ECF No. 52) at 1–2.

4. Counsel for Defendant is generally available for a status conference at the Court's convenience, but unavailable on March 15, 2023, from 4:00 p.m. to 5:00 p.m., and April 6, 2023, from 4:00 p.m. to 5:00 p.m., due to previously scheduled hearings in separate actions.

5. Defendant notes that Plaintiff's efforts to expand the record to include an entire record before a different court is improper. Such a motion would not be tailored to this case, which is narrowly focused on certain events in 2012 to 2013, and appears to be an attempt to resurrect theories of liability regarding more recent events, which the Court properly dismissed.

6. Plaintiff's anticipated motion appears designed to further Plaintiff's stated goal of seeking reconsideration of the Court's summary judgment order because Plaintiff disagrees with

---

[1] These are: (1) that the EEOC maliciously interfered with Plaintiff's Rehabilitation Act rights due to a "seven-week in processing Menoken's reasonable accommodation request" in late 2012 to early 2013, Memo. Op. (ECF No. 53) at 10; and (2) that, "in 2013, the Chair made 'deliberate attempts to affect an employee's finances and access to healthcare' that were both sufficiently severe to constitute a hostile work environment and retaliatory," *id.* at 16 (citation omitted). Defendant intends to show at trial that the agency did not violate the law.

the Court's legal reasoning. Disagreements with a court's legal reasoning are not the basis for a motion for reconsideration.

7. The Federal Circuit's decision on Plaintiff's motion for judicial notice simply granted the motion "to the extent that the parties may include Exhibits A–C to the motion"—i.e., "the Chair's motion for summary judgment, her opposition to that motion, and the Chair's reply" from this action—"in the joint appendix and cite to those documents in their briefing." Order, *Menoken v. MSPB*, No. 2022-2301 (Fed. Cir. Jan. 24, 2023) (per curiam). "The relevance of such materials, however, is left to the merits panel." *Id.*

8. Plaintiff's proposed course of action is not consistent with either of the cases Plaintiff has identified. In *Bennett v. District of Columbia*, Civ. A. No. 18-1839 (DLF) (D.D.C. Apr. 15, 2020) (Min. Order), the Court requested supplemental briefing prior to issuing a decision on summary judgment, not after. In *Brigada v. Department of Transportation*, Civ. A. No. 16-2227 (DLF) (D.D.C. July 12, 2018) (Min. Order), the Court initially requested joint status reports because the parties jointly moved for a stay to facilitate settlement discussions. Subsequent joint status reports primarily concerned *Brigada*'s discovery disputes. No motions for summary judgment have been decided or even filed in *Brigada*.

9. Here, from Defendant's perspective, this trial should take approximately five days (exclusive of jury selection and opening statements and closing arguments), although this estimate is contingent on the trial remaining focused on the two theories that survived Defendant's motion for summary judgment and the number of witnesses that Plaintiff intends to call to satisfy her burden. Defendant reserves the right to amend this estimate in light of any pretrial submissions provided by Plaintiff.

10. Plaintiff has notified Defendant that she intends to move for reconsideration of the Court's Memorandum Opinion and also has sought Defendant's position on amending her complaint. Defendant intends to oppose any such efforts to amend the complaint, move for reconsideration, or otherwise delay the jury trial. Should Plaintiff seek reconsideration of the Court's decision, Defendant assumes that Plaintiff will do so by the period required in Federal Rule of Civil Procedure 60. Defendant understands that this jury trial will occur unless Plaintiff stipulates to dismiss the remaining claims in this action. Defendant notes that the Court has already ordered that "'[g]iven the length of time this case has been pending,' it is not inclined to grant any other extensions without a showing of exceptional cause." Min. Order (Oct. 8, 2021) (citation to Min. Order (Sept. 17, 2021) omitted).

11. At this time, Defendant identifies the following unavailable dates for the period of July through December 2023: July 3–10, August 14–September 4, and November 6–December 1. Defendant respectfully requests that the Court avoid setting a trial during these dates if possible.

Dated: February 23, 2023

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

*/s/ Cassandra M. Menoken*
CASSANDRA M. MENOKEN, *Plaintiff*
131 Tennessee Avenue NE
Washington, D.C. 20002
202.546.7671
CMMEsqDC@gmail.com

BRIAN P. HUDAK
Chief, Civil Division

By:  */s/ Douglas C. Dreier*
DOUGLAS C. DREIER, D.C. Bar #1020234
Assistant United States Attorney
601 D Street, N.W.
Washington, District of Columbia 20530
(202) 252-2551
Email: douglas.dreier@usdoj.gov

*Counsel for Defendant*