UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASSANDRA M. MENOKEN,<br><br>*Plaintiff*,<br><br>v.<br><br>CHARLOTTE A. BURROWS, in her official capacity, *et al.*,<br><br>*Defendants*. | Case No. 16-cv-2480 (DLF) |

## PRETRIAL ORDER

In order to administer the trial of the above-captioned civil case in a manner that is fair and just to the parties and that is consistent with the goal of completing the trial of this case in the most efficient manner, it is hereby

**ORDERED** as follows:

1. TRIAL. Trial of this matter will commence on **January 17, 2024 at 9:00 a.m.** in Courtroom 14.

2. PRE-TRIAL CONFERENCE. A pretrial conference will be held on **January 11, 2024 at 10:00 a.m.** in Courtroom 14. The Court will rule on objections to proposed exhibits and witnesses at the pretrial conference to the extent possible, hearing argument as necessary.

3. MOTIONS HEARING; MOTIONS IN LIMINE. Consistent with the Court's prior orders, the parties shall file any pretrial motions, including motions in limine, on or before **November 9, 2023**. Oppositions shall be due on or before **November 22, 2023**. Any replies shall be due on or before **December 1, 2023**. The Court will hold a motions hearing on **December 19, 2023 at 10:00 a.m.** in Courtroom 14.

4. <u>VOIR DIRE.</u>  The Court will provide the parties with proposed voir dire questions.  Any objections or additional questions shall be filed **one week** after the Court's proposed questions are provided, and any responses shall be filed **one week** thereafter.  If necessary, the Court will hear argument on the parties' objections and/or additional questions at the December motions hearing (if consistent with the schedule above) or January pretrial conference.

5. <u>PROPOSED JURY INSTRUCTIONS</u>.  The Court will provide the parties with proposed jury instructions.  Any objections or additional instructions shall be filed **one week** after the Court's proposed instructions are provided, and any responses shall be filed **one week** thereafter.  If necessary, the Court will hear argument on the parties' objections and/or additional questions at the December motions hearing (if consistent with the schedule above) or January pretrial conference.

6. <u>PROPOSED VERDICT FORM</u>.  The parties shall file a proposed verdict form, including a date and signature line for the jury foreperson and any proposed special interrogatories, on or before **December 28, 2023.**

7. <u>PRETRIAL STATEMENTS</u>.  The parties shall file a **joint** Pretrial Statement, in the form prescribed by subparagraph (b) of LCvR 16.5, on or before **December 28, 2023.**  Such statement shall include, consistent with and in the form provided for in LCvR 16.5(b):

    (a)    A joint statement of the case;

    (b)    A statement of the claims made by the plaintiff;

    (c)    A statement of the defenses raised by the defendants;

    (d)    A schedule of witnesses proposed to be called by each party;

    (e)    A list of exhibits proposed to be offered in evidence by each party;

  (f)  A designation of depositions, or portions thereof, proposed to be offered in evidence by each party;

  (g)  An itemization of damages the plaintiff seeks to recover;

  (h)  A request for other relief sought by any other party; and

  (i)  Any stipulations of fact agreed upon or proposed by the parties.

8.  <u>OBJECTIONS TO WITNESSES AND EXHIBITS</u>.  Objections to proposed witnesses or exhibits, with supporting reasons (and citations to authority if necessary) for each objection, shall be filed on or before **January 4, 2024.**  Responses to objections, again with supporting reasons (and citations to authority if necessary), shall be filed on or before **January 8, 2024.**

9.  <u>JURY SELECTION</u>.  The Court will summarize its jury-selection procedures at the pretrial conference.

10.  <u>TRIAL AND PUNCTUALITY.</u>  Unless counsel are notified otherwise, the jury portion of the trial will be conducted each trial day from 9:30 a.m. to 12:30 p.m. and from 1:45 p.m. to 4:45 p.m. on Mondays through Fridays in Courtroom 14.  Unless otherwise instructed by the Court, counsel shall be present in the courtroom each morning promptly at 9:00 a.m. to address preliminary matters.  Trial will convene promptly at the designated time on each trial day; the jury will not be kept waiting.  Counsel shall be available in the courtroom at least five minutes before Court is scheduled to begin or resume after a recess.

11.  <u>ELECTRONIC EQUIPMENT</u>.  Representatives of any party who intend to use electronic equipment during the course of trial shall promptly meet with John Cramer (202-354-3019), the Clerk's Office's Courtroom Technology Administrator, to arrange for the necessary

equipment. Attorneys shall meet with Mr. Cramer to become fully conversant with the procedures for use of equipment in the courtroom.

   12. <u>TAPES</u>.  If transcripts of video or audio tapes will be used in this case, counsel for each party shall resolve any dispute involving an alleged inaccuracy in the transcripts and/or discrepancies between the transcripts and the underlying tapes.  If it proves impossible for counsel to resolve such disputes, they shall so advise the Court **at least three days before the tape is to be offered** so that the Court may resolve the dispute efficiently and without delay to the parties, the jury, and the Court.

   13. <u>GENERAL COURTROOM RULES</u>.  Counsel shall exercise civility at all times toward each other and toward everyone involved in the case or working with the Court.

    (a) Unless leave is otherwise given, counsel shall interrogate witnesses and make opening statements and closing arguments from the lectern and shall speak into the microphone.

    (b) Counsel shall obtain permission from the Court before approaching a witness.

    (c) One counsel for each party shall be designated as lead counsel for each and every witness for purposes of direct examination, cross-examination, redirect examination, and raising objections.

    (d) The Court will strictly apply the rules on rebuttal evidence. See *Black's Law Dictionary* (9th ed. 2009) (defining "rebuttal evidence" as "[e]vidence offered to disprove or contradict the evidence presented by an opposing party").

  (e)  Counsel are reminded that the traditional rules regarding opening statements and closing arguments will be enforced by the Court.

  (f)  All statements by counsel should be directed to the Court and not to opposing counsel.

  (g)  Counsel are reminded that their own opinions regarding facts or issues in a case are irrelevant and should not be communicated to the jury (e.g., "I think . . . , we believe . . .").

  (h)  Counsel are reminded to secure clearance from the Court before posing questions or engaging in procedures in the presence of the jury that carry a risk of undue prejudice, or that by law or customary procedures require judicial pre-approval.

  (i)  Unless otherwise permitted by the Court, counsel shall refer to all witnesses over the age of 18, including their clients, as "Mr." or "Ms." or by their official title (e.g., "Captain" or "Dr."). The use of first names or nicknames is prohibited. All witnesses are to be addressed in a respectful and polite manner.

14.  <u>DIRECT AND CROSS-EXAMINATION.</u>  On direct and cross-examination of a witness, counsel shall not:

  (a)  Testify by improperly incorporating facts into their questions so as to put before the jury information that has not been received in evidence;

  (b)  Use an objection as an opportunity to argue or make a speech in the presence of the jury;

  (c) Show the jury a document or anything else that has not yet been received in evidence without leave of the Court. If counsel is using electronic equipment to display documents to the jury and the Court, counsel shall make sure that the document has been admitted in evidence before it is shown to the jury; or

  (d) Except in extraordinary circumstances, be permitted to recross-examine any witness.

  15. <u>OBJECTIONS AND EVIDENTIARY MATTERS.</u> Any legal matters or evidentiary issues that arise during the course of the trial and have not been the subject of a motion in limine or pre-trial motion should be discussed between counsel no later than the night before the witness or exhibit is to be offered. If there is no resolution, the proponent of the objection or evidence shall email to Chambers and to opposing counsel that evening or, in any case, no later than 7:00 a.m. the next morning, in succinct terms, a statement of the evidentiary issue or objection and their position, with legal authority. The opposing party shall email by no later than 8:00 a.m. the contrary position with legal authority. The Court will discuss and rule during the time for preliminary matters each morning. In this way the jury will not be kept waiting while legal issues are discussed and resolved.

  16. <u>OBJECTIONS AT TRIAL.</u> Bench conferences are discouraged, although counsel may seek to convene a bench conference if counsel is about to engage in a line of inquiry that reasonably necessitates preclearance—*e.g.*, potentially inflammatory areas of interrogation. Counsel who make objections during trial must state the legal basis for their objections without elaboration or argument (unless invited)—*e.g.*, "objection, hearsay," "objection, lack of foundation." The Court will generally rule on the objection without additional discussion except

in the most critical areas.  For purposes of "protecting the record" and assisting appellate review, counsel may explain or amplify their objections on the record after the jury has been excused for a break, for lunch, or for the day.

17. RULE ON WITNESSES. Except for the parties or their authorized representatives permitted under Rule 615 of the Federal Rules of Evidence and any expert witnesses, all witnesses shall remain outside the courtroom except while testifying. Unless permission for a witness to remain in the courtroom is expressly sought and granted, the rule on witnesses is always in effect, even during voir dire and opening statements. Counsel shall instruct witnesses not to discuss their testimony with others after they leave the stand.  Counsel calling a witness to testify (and counsel's agents) should have no further discussions with that witness concerning any aspect of the testimony already given or anticipated until such time as the witness has completed his or her testimony.  At all other times, within the bounds of governing ethics rules and the law, counsel may pursue their discussions with witnesses during the trial.

18. WITNESSES ON CALL.  Once the trial begins, witnesses shall be put on call at the peril of the calling party. The trial will not be recessed because a witness on call is unavailable, except in extraordinary circumstances. The Court will endeavor to accommodate out-of-town and expert witnesses if counsel alerts the Court. The party calling a witness shall arrange for that witness's presence until cross-examination is completed, including the following trial day if need be. The failure to have a witness present for cross-examination following direct examination is grounds to strike the witness's testimony.

19.     <u>PRESENCE OF COUNSEL.</u>  Once court is in session, lead counsel shall not leave the courtroom without the Court's express permission. Failure of counsel to be present and on time may result in sanctions.

20.     <u>SUA SPONTE JURY INSTRUCTIONS.</u>  Any necessary *sua sponte* jury instructions shall be written out by counsel requesting them and shall be given to the Court in a form in which the Court might read the instructions to the jury. Failure to do so shall be deemed a waiver of any such request. In the event that the instructions are given, it shall be counsel's responsibility to remind the Court of the necessity for inclusion of any *sua sponte* instructions in its final charge by **4:00 p.m. on the day *before* the date on which** the final charge is to be given by the Court to the jury.

21.     <u>VERBAL OR FACIAL CONTACT WITH THE JURY.</u>  No trial participant shall make any verbal comments, facial expression, laughter or other contact with the jury that could be interpreted as conveying a comment one way or the other with respect to any testimony, argument, or event that may occur during trial. Nor shall any such persons offer gratuitous comments or asides about witnesses' testimony or opposing counsel.

22.     <u>CLOSING ARGUMENTS AND INSTRUCTIONS.</u>  The courtroom will be locked during jury instructions and no one will be permitted to enter or leave. In making closing arguments, counsel shall be limited by the evidence presented during trial and are reminded of the prohibition against appealing to the jurors' prejudices. Moreover, during closing argument and throughout the trial, counsel shall not:

       (a)     Make statements of personal belief to the jury;

       (b)     Make personal attacks on other counsel in this case;

       (c)     Appeal to the self-interest of the jurors; or

(d) Make potentially inflammatory racial, ethnic, political, or religious comments.

With regard to both opening statements and closing arguments, counsel are admonished not to make statements or arguments that will engender objections. The Court will intervene *sua sponte* and not wait for objections if it detects a failure to adhere to basic legal principles and standards of civility. Failure to abide by these rules may result in sanctions.

**SO ORDERED.**

November 20, 2023

DABNEY L. FRIEDRICH
United States District Judge