**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| CASSANDRA M. MENOKEN, |
| *Plaintiff*, |
| v. |
| CHARLOTTE A. BURROWS, in her official capacity, and U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, |
| *Defendants*. |

No. 16-cv-2480 (DLF)

<u>**JURY INSTRUCTIONS (\*\*PROPOSED\*\*)**</u>

## <u>PRELIMINARY INSTRUCTIONS</u>

### Instruction No. 1: Preliminary Instructions

Before we begin the trial, I want to explain how this trial will work and some of the legal rules that will be important in this trial. These remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial, but they are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

**Instruction No. 2: The Parties**

This is a civil case that was brought by Plaintiff Cassandra M. Menoken against Defendants Charlotte A. Burrows, in her official capacity, and the U.S. Equal Employment Opportunity Commission.  Plaintiff claims that the defendants retaliated against her for exercising her rights under U.S. antidiscrimination law and that they interfered with her efforts to exercise those rights. It will be your job to determine whether Ms. Menoken has proven such claims by a preponderance of the evidence and, if so, what damages she may recover.

As I explain how the trial will proceed, I will refer to the "Plaintiff" and to the "defense" or the "Defendants."  When I mention the Plaintiff, I am referring to Ms. Menoken or her counsel, Ms. Kraft.  When I mention the "defense" or the "Defendants," I am referring to Ms. Burrows and the Commission or their counsel, Mr. Dreier and Ms. Gonzalez Horowitz.

**Instruction No. 3: Opening Statements**

After I finish these preliminary instructions, as the first step in this trial, the Plaintiff and each of the Defendants will have an opportunity to make opening statements.   You should understand that the opening statements are not evidence. They are only intended to help you understand the evidence that the lawyers expect will be introduced.

**Instruction No. 4: Presentation of the Case**

After the opening statements, Plaintiff Menoken will put on what is called her case-in-chief. This means that Plaintiff will call witnesses to the witness stand and ask them questions. This is called direct examination. When Plaintiff is finished, the Defendants may ask questions. This is called cross-examination. When the Defendants are finished, the Plaintiff may ask brief re-direct examination questions.

After Plaintiff presents her evidence, Defendants will present their evidence in the same fashion.

When Defendants are finished, Plaintiff may offer a rebuttal case, which would operate along the same lines as her case-in-chief.

**Instruction No. 5: Closing Statements**

At the end of all the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case. Then each side will have a chance to present closing arguments in support of its case.

The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements, are not evidence in this case. They are intended only to help you understand the evidence and what each side claims the evidence shows.

Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.

**Instruction No. 6: Role of the Court**

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury.

My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case.

It is your sworn duty as jurors to accept and apply the law as I state it to you.

**Instruction No. 7: Responsibility of the Jury**

Your responsibility as jurors is to determine the facts in the case. You—and only you—are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide the extent to which you believe any witness.

**Instruction No. 8: Objections**

The lawyers in the case may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible. I will respond by saying either "sustained" or "overruled."

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been. If I overrule an objection, the question may stand and the witness may answer it.

**Instruction No. 9: Discussing the Case**

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors. This is because we don't want you making decisions until you've heard all the evidence and the instructions of law. In addition, you may not talk about the case with anyone else.

It should go without saying that you also may not write about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter until you have delivered your verdict and the case is over. This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom. I'm sure that, when we take our first recess, you will call home or work and tell them you have been selected for a jury. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a civil case, but nothing else. Now, when the case is over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can.

Finally, if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the courtroom deputy. Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

## Instruction No. 10: Independent Investigations

Because you must decide this case based only on what occurs in the courtroom, you may not conduct any independent investigation of the law or the facts in the case. That used to mean that you could not conduct any research in books or newspapers or visit the scene of the alleged offense. In this electronic age, it also means you cannot conduct any other kind of research--for example, researching any issue on the internet, asking any questions of anyone via email or text, or otherwise communicating about or investigating the facts or law connected to the case.

I want to explain a bit further why there is a ban on internet communications and research concerning the case. Unfortunately, courts around the country have occasionally experienced problems with jurors ignoring this rule, sometimes resulting in costly retrials. Generally speaking, these jurors have not sought to corrupt the process, rather they have been seeking additional information to aid them in what is undoubtedly a heavy and solemn responsibility. Nonetheless, there are sound reasons for this rule.

In the first place, obviously, not everything one sees online is true. This includes not only persons responding to whatever postings you may make about the case, but also can involve established websites. For example, a mapping site might not reflect the way a location appeared at the times that are at issue in the case. Furthermore, even items that are technically true can change their meaning and significance based upon context.

Both sides are entitled to have the chance to not only dispute or rebut evidence presented by the other side, but also to argue to you how that evidence should be considered within the factual and legal confines of the case. Any secret communications or research by you robs them of those opportunities and can distort the process, sometimes with negative results.

It is for those reasons that I instruct you: you should not use the internet to communicate about the case or do any research about the case.

**Instruction No. 11: Notetaking**

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. That is because I permit jurors to take notes during trial if they wish. Whether you take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.  So it is entirely up to you whether you take notes or not.

You will not be able to take your notebooks with you as you come and go.  Other than during your deliberations, when you may consult your notebooks, the notebooks will remain locked in the courtroom during recesses and overnight.  At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed. No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

**Instruction No. 12: Court Reporter**

Finally, we have a fine court reporter here taking down testimony, but you will not have a transcript with you during deliberations.  You must rely on your memory and, if you take them, your notes as an aid to that memory.  So, I ask you to pay close attention, and we will begin with the opening statements.

## **CLOSING INSTRUCTIONS**

### **Instruction No. 13: Preamble**

Members of the jury, now that you have heard the evidence and the arguments of counsel it is my duty to instruct you on the law applicable to this case. It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. You may not ignore or refuse to follow any of them.

The lawyers have referred to some of the governing rules of law in their arguments, as they are allowed to do. If, however, any difference appears to you between the law as stated by the lawyers and the law as stated by me in these instructions, you are, of course, to be governed by my instructions. Nothing I say is to be taken as an indication that I have any opinion about the facts of the case. It is not my function to determine the facts; that is your job and your job alone.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

For those of you taking notes, I want to let you know that a written copy of these instructions will be available for you during your deliberations.

Let me begin with some general principles.

**Instruction No. 14: Function of the Court**

As I've told you before, my function is to conduct the trial of the case in an orderly, fair, and efficient manner, to rule on questions of law arising during the trial, and to instruct you on the law that applies to this case.  It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions.  In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

**Instruction No. 15: Function of the Jury**

Your function as jurors is to decide the facts.  You are the exclusive judges of the facts. You alone determine the weight, the effect, and the value of the evidence, and the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, religion, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**Instruction No. 16: Party Designations**

During the course of the trial, you have heard references to the terms "plaintiff" and "defendants."  To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendants are the ones who are sued by the plaintiff.

During your deliberations, however, you must not attach any significance to the terms plaintiff and defendants when weighing the evidence.  In other words, the fact that the plaintiff has filed a lawsuit against the defendants does not mean that the plaintiff is entitled to your verdict or that her evidence is entitled to greater weight than the defendants' evidence. A plaintiff must prove every element of her claim against a defendant by a preponderance of the evidence before she is entitled to prevail.

**Instruction No. 17: Jury's Duty to Deliberate**

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement.  You must decide the case for yourself, but you should do so only after thoroughly discussing it with your fellow jurors.  You should not hesitate to change an opinion when convinced that it is wrong.  You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own.  You should reach an agreement only if you can do so in good conscience.  In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

**Instruction No. 18: Attitude and Conduct of Jurors**

Remember that you are not advocates in this matter.  You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict that you return in this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case.  Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

**Instruction No. 19: Instructions to be Considered as a Whole**

You must treat and consider all of these instructions as a whole.  You must not single out any particular instruction or sentence while ignoring others.  You must give each instruction equal importance and consider each one equally with all other instructions.

**Instruction No. 20: Court's Commenting on the Evidence**

The law permits me to comment to you about the evidence in this case, although I don't believe I have done so in this case.  But let me say that any comments I may have made about the facts do not bind you.  If, during the course of this trial, or the giving of these instructions, I have made or make any comment on any evidence, you are free to disregard the comment.  Remember, you are the sole and exclusive judges of all questions of fact in this case.

**Instruction No. 21: Court's Questions to Witnesses**

During the course of the trial, I may have asked questions of a witness, to obtain information or to bring out facts.  You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

**Instruction No. 22: Cues from Judge**

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication.  Nothing I have said or done should influence you or suggest to you that I favor any party in this case.

I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

**Instruction No. 23: Rulings on Objections**

There were times during the trial when one party made an objection to a question asked by another party or to an answer given by a witness.  It is the duty of a lawyer to make objections if he or she believes something improper is being done.  When I sustained an objection to a question, the witness was not allowed to answer it.  Disregard the question, and do not attempt to guess what the answer might have been had I allowed the question to be answered.  Similarly, when I told you to disregard a particular answer—when I ordered it stricken—you should have put that statement out of your mind, and you may not refer to that question or that stricken answer during your deliberations.

Likewise, if I sustained an objection to any exhibits or ordered them stricken, then those stricken exhibits are not evidence and you must not consider them.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations.  Those interruptions concerned legal matters, while your job is to decide the facts.  You should not be influenced by anyone's objections, no matter how I ruled upon them.

**Instruction No. 24: Agency and Official-Capacity Defendants**

One defendant in this case is Charlotte A. Burrows, in her official capacity as Chair of the U.S. Equal Employment Opportunity Commission.  Another defendant is the Equal Employment Opportunity Commission.

Under the law, both Ms. Burrows and the Commission are responsible for the actions and statements of the Commission's employees, so long as those actions and statements were made within the employees' scope of employment.

**Instruction No. 25: Equality of Litigants**

Our system of justice requires that you decide the facts of this case in an impartial manner. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth.  A private individual, a government agency, and a government official all have the same right to a fair trial.  All persons and organizations, including private individuals, government agencies, and government officials, stand equal before the law and are to be treated as equals in this Court.  In other words, the fact that a plaintiff or defendant is a private individual, a government agency, or a government official must not affect your decision.

**Instruction No. 26: Sympathy**

Under your oath as jurors you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and to reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at a just verdict.

**Instruction No. 27: Evidence in the Case**

You may consider only the evidence properly admitted in the case.  Evidence includes the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated and agreed to by counsel.  You may consider any facts to which all counsel have agreed or stipulated as undisputed evidence.

**Instruction No. 28: Judicial Notice**

I may have taken judicial notice of certain facts which are not subject to reasonable dispute.

I have accepted these facts to be true, even though no direct evidence has been introduced proving

them to be true. You are required to accept these facts as true in reaching your verdict.

**Instruction No. 29: Stipulations**

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

**Instruction No. 30: Inferences**

In arriving at your verdict, you are to consider only the evidence in the case. When you are considering the evidence, however, you are not limited solely to the statements of the witnesses. You are permitted to draw from the evidence any inferences or conclusions that reason and common sense lead you to make.

**Instruction No. 31: Statements of Counsel**

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence.  They are intended only to help you understand and interpret the evidence from each party's perspective.

The questions that the lawyers ask are not evidence.  A lawyer's question that contains an assertion of a fact does not provide evidence of that fact.

**Instruction No. 32: Jury's Recollection Controls**

During this case, I or one of the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory.  It is your recollection of the evidence that controls.

**Instruction No. 33: Burden of Proof**

This is a civil case and as such the plaintiff has the burden of proving the material allegations of her complaint by a preponderance of the evidence.

If after considering all of the testimony you are satisfied that the plaintiff has carried her burden on each essential point as to which she has the burden of proof, then you must find for the plaintiff on her claims. If after such consideration you find the evidence of all parties to be in balance or equally probable, then the plaintiff has failed to sustain her burden and you must find for the defendants.

If you find that the plaintiff has carried her burden of proof on her claims, you should proceed to consider the issue of damages against the defendants.  You should not consider the issue of damages against the defendants if the plaintiff does not carry her burden of proof.

**Instruction No. 34: Preponderance of the Evidence**

The party with the burden of proof on any given issue has the burden of proving every disputed element of its claim or defense to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish its claim or defense by a preponderance of the evidence, you must decide against it on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—the party must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

**Instruction No. 35: Evidence Produced by Adversary**

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it.  A party is entitled to benefit from all evidence that favors that party, whether he or she produced it or his or her adversary produced it.

**Instruction No. 36: Direct and Circumstantial Evidence**

There are two types of evidence: direct and circumstantial.  Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness.  Circumstantial evidence is indirect evidence of a fact which is established or logically inferred from a chain of other facts or circumstances.  For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow.  Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You may consider both types of evidence equally.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  The law does not require a greater degree of certainty for circumstantial evidence than for direct evidence.  You should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with that evidence.

**Instruction No. 37: Inadmissible and Stricken Evidence**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.  Objections are not evidence.  You must not hold such objections against the lawyer who made them or the party he or she represents.  It is the lawyers' responsibility to object to evidence that he or she believes is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, then you should ignore the question and you must not guess about what the answer would have been.  If, after a witness answered a question, I ruled that that answer should be stricken, then you should ignore both the question and the answer, and they should play no part in your deliberations.  Similarly, if I sustained an objection to an exhibit, then you should ignore the exhibit and it should play no part in your deliberations.

**Instruction No. 38: Witness Credibility**

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you.  You are the sole judges of the credibility of the witnesses.  In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed.  If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject.  You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate.  You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.

You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

**Instruction No. 39: Number of Witnesses**

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side.  You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater belief.  You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side.  Indeed, the testimony of a single witness, which you believe to be the truth, is enough evidence to prove a fact.

If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witness's testimony, then you may base your verdict on that testimony, even though a larger number of witnesses may have testified to the contrary.

**Instruction No. 40: All Available Evidence Need Not Be Introduced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in a case, or who may appear to have some knowledge of the matters at issue in a trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**Instruction No. 41: Witnesses Not Called**

Either side in this case could have called any witness who had relevant and admissible testimony.  For their own reasons the parties chose to call some witnesses and not to call others. You may not draw any inference for or against the plaintiff, or for or against either defendant, based on the failure of any witness to testify for one side or the other, or speculate about what their testimony would have been if they had been called.

**Instruction No. 42: Interrogatories**

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side. Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

One cautionary word on this subject: while you may consider the interrogatory answers as evidence against the party who gave the answers, you may not consider the answers against any other party, nor may you consider the answers as evidence against the party who posed the interrogatory questions. You may only consider the interrogatory answer as evidence against the party who gave the answer.

**Instruction No. 43: Depositions as Evidence**

A deposition is the testimony of a person taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. During the trial, you heard deposition testimony that was both read from the deposition transcript and presented by videotape. You should give deposition testimony the same fair and impartial consideration you give any other testimony. You should not give more weight or less weight to deposition testimony just because the witness did not testify in Court.

**Instruction No. 44: Impeachment by Prior Inconsistent Statement**

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements that are inconsistent with his or her present courtroom testimony.  It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in Court.

If a witness at trial has been confronted with a prior statement that the witness made, and that prior statement is inconsistent with his or her testimony here in Court, then you may consider the prior statement when you assess the truthfulness of the testimony he or she gave in Court.

If the witness made the prior inconsistent statement at a deposition or otherwise under oath subject to the penalty of perjury, then you may also treat that prior statement as evidence in this case—that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

If the witness was not at a deposition or otherwise under oath subject to the penalty of perjury when he or she made the statement, then you may not treat the prior statement as evidence of the facts in the statement.  You may consider the statement only to evaluate the witness's credibility; that is, you may use the prior statement only to determine whether to believe the witness's present testimony in Court.

If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

**Instruction No. 45: Adopting Prior Inconsistent Statements**

If a witness testifies that a prior inconsistent statement is the truth, then you may consider the prior inconsistent statement both to evaluate the witness's credibility and as evidence of the truth of any fact contained in that statement.

**Instruction No. 46: Demonstratives**

The lawyers have shown you charts and summaries to help explain the facts.  The charts or summaries themselves, however, are not evidence or proof of any facts.  If any chart or summary does not correctly reflect facts or figures shown by the evidence in the case, then you should disregard that chart or summary.

In other words, the charts or summaries are used only for convenience; you should disregard any chart or summary that does not state the truth based on the evidence.

**Instruction No. 47: Title VII Retaliation**
42 U.S.C. § 2000e-16

The plaintiff claims that the defendants retaliated against her—specifically, by changing the codes associated with her leave and disenrolling her from her health insurance—because she complained that her employer was engaging in unlawful discrimination. Opposing discrimination in employment is a protected activity, regardless of whether the protest is justified.

To make out a claim for retaliation, the plaintiff must prove, by a preponderance of the evidence, each of the following elements:

(1)   The plaintiff complained of discrimination in her employment;

(2)   The plaintiff suffered a materially adverse action by her employer—specifically, the defendant's employer changed the codes associated with her leave and disenrolled her from her health insurance; and

(3)   The defendants took the adverse action because of the plaintiff's complaints of discrimination.

With respect to the second element, an adverse action is "material" if it might discourage a reasonable worker from complaining about similar discrimination. The adverse action need not be related to the plaintiff's employment.

With respect to the third element, the plaintiff must show that her complaints were the "but-for" cause of the defendants' adverse action. In other words, the plaintiff must show that the unlawful retaliation would not have occurred in the absence of her complaints of discrimination in her employment.

**Instruction No. 48: Rehabilitation Act Interference**
29 U.S.C. § 791(f); 42 U.S.C. 12203(b)

The plaintiff also claims that the defendant unlawfully interfered with her efforts to exercise her rights under the federal Rehabilitation Act by offering her an "outrageous" settlement proposal and by improperly delaying processing of her request for accommodations.

To make out a claim for unlawful interference, the plaintiff must prove, by a preponderance of the evidence, each of the following elements:

(1)    The plaintiff sought to exercise her rights under the Rehabilitation Act—specifically, by applying for a reasonable accommodation for her disability;

(2)    The defendant coerced, intimidated, threatened, or interfered with the plaintiff

(a)    in the exercise or enjoyment of those rights **_or_**

(b)    on account of her exercise or enjoyment of those rights; and

(3)    The defendant was motivated by an intent to discriminate against the plaintiff **_or_** took actions that a reasonable employee would understand to be discriminatory.

With respect to the first element, the plaintiff's application for a reasonable accommodation was an attempt to exercise rights under the Rehabilitation Act.

With respect to the second element, the words "coerced," "intimidated," and "threatened" take their ordinary meanings.  "Interfered with" means an act or acts that hindered or impeded the plaintiff in the exercise or enjoyment of her rights or on account of her exercise or enjoyment of her rights under the Rehabilitation Act.  Interference must be meaningful, not insubstantial; the word "interfere" does not cover *any* action that in any way hinders a person who exercises her rights under the Rehabilitation Act.

With respect to the third element, you may find the defendants liable if you find that they were motivated by an intent to discriminate **<u>or</u>** if you find that they took actions that a reasonable employee would have understood to be discriminatory.  On your verdict form, you should state separately whether you find (1) that the defendants were motivated by an intent to discriminate and/or (2) whether the defendants took actions that a reasonable employee would have understood to be discriminatory.

*NOTE: in its 2020 decision in this case, the Circuit did not decide whether an interference claim requires "discriminatory intent" or whether it depends on "how a reasonable employee would have understood the . . . [allegedly interfering] action."*  Menoken v. Dhillon, *975 F.3d 1, 11 (D.C. Cir. 2020).  In order to minimize the risk of a retrial, the Court proposes to instruct the jury as to both theories.  If the jury's verdict depends on the distinction between the two theories, the Court will decide whether either discriminatory intent or a reasonable employee's understanding is required after post-trial motions practice.*

**Instruction No. 49: Damages**

I am now going to instruct you about how to calculate compensatory damages.

You should not consider the fact that I am giving you this instruction as suggesting any view of mine, or anyone else, as to which party is entitled to your verdict on any claim in this case, or that I think you should award compensatory damages. Those decisions are entirely for you to make. I am giving you these instructions solely for your guidance, in the event that you find in favor of Plaintiff Menoken on one or more of her claims against the defendants and you decide to award her compensatory damages for that (or those) claim(s).

You may award money damages for lost income Plaintiff incurred, as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-monetary losses. These damages are called compensatory damages. You may only award compensatory damages against the defendants if you find, by a preponderance of the evidence, that Plaintiff's losses were caused because she was the victim of unlawful retaliation or unlawful interference by the defendants. The defendants are liable only for the damages that their conduct caused. If you find that defendant's conduct caused only part of the plaintiff's damages, then the defendant is liable only for that part.

You must <u>not</u> consider or include any amounts for the payment of attorneys' fees or litigation costs in any award of compensatory damages to Plaintiff. The award of any amounts for the payment of attorneys' fees or litigation costs to Plaintiff, if appropriate, is exclusively for the Court to decide.

In determining the amount of any compensatory damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing the amount of damages, drawing reasonable inferences from the facts in evidence.  You may not award compensatory damages based on sympathy, prejudice, speculation, or guess-work.

On the other hand, the law does not require that a plaintiff prove compensatory damages with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.  The compensatory damages that you award must be in an amount that is fair, no more and no less.

**Instruction No. 50: Selection of a Foreperson**

When you return to the jury room, you should select a foreperson to preside over your deliberations and to be your spokesperson here in Court.  There are no specific rules regarding how you select a foreperson.  That is up to you.  However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence.  Consider whether you wish to select a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of the evidence.

**Instruction No. 51: Unanimous Verdict**

The verdict must represent the considered judgment of each juror.  In order to return a verdict, each juror must agree with the verdict. Your verdict must be unanimous.

**Instruction No. 52: Exhibits During Deliberations**

I am sending into the jury room with you the exhibits that have been received in evidence.

You may examine any or all of them as you consider your verdict.

**Instruction No. 53: Communicating with the Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the deputy clerk or marshal, signed by your foreperson or by one or more members of the jury.  No member of the jury should try to communicate with me by any means other than a signed note, and I will never communicate with any member of the jury on any matter touching the merits of this case except in writing or orally here in open Court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the deputy clerk, the marshal, or me—how the jury stands on the issues until after you have reached a unanimous verdict.  This means, for example, that you should never tell me, in writing or in open Court, how the jury is divided on any matter—such as 4 to 3, 5 to 2, 6 to 1, or in any other fashion.

**Instruction No. 54: Publicity and Internet Use**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case, including family and friends.  You may not use any electronic device or media, such as a telephone, cellphone, smartphone, or computer; the internet, any internet service, any text or instant messaging service, or *any* social media, including Facebook, LinkedIn, Instagram, Twitter, SnapChat, Periscope, YouTube, or any other app, program, or website, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  You can discuss the case only in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

As I've instructed you previously, in some cases, although not necessarily this one, there may be reports in the newspaper, radio, television, or internet concerning the case while deliberations are ongoing.  If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it.  You must not listen to or read such reports, and you must decide this case solely on the evidence presented in this courtroom.   This includes any electronic communication such as email or text or any blogging about the case.  In addition, you may not conduct any independent investigation during deliberations.  This means you may not conduct any research in person or electronically via the internet or in another way.

In fairness to both sides, it is essential that you comply with this instruction.

**Instruction No. 55: Copy of the Instructions**

As I mentioned earlier, I will provide you with a copy of my instructions. During your deliberations, you may refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. The fact that you have been provided a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary. Please return the instructions to me when your verdict is rendered.

**Instruction No. 56: Notetaking by Jurors**

During the trial, I have permitted jurors to take notes.  You may take your notes with you to the jury room and use them during your deliberations if you wish.  As I told you at the beginning of the trial, your notes are to be only an aid to your memory.  They are not evidence in the case, and they should not replace your own memory of the evidence.  Those jurors who have not taken notes should rely on their own memory of the evidence.  The notes are intended to be for the notetaker's own personal use.

At the end of your deliberations, the deputy clerk will collect your notebooks and pencils when you return to the courtroom.  We will destroy your notes immediately after the trial.  No one, including myself, will look at them.

**Instruction No. 57: Verdict Form**

You will be provided with a verdict form for use when you have concluded your deliberations.  The verdict form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me, or anyone else, as to what the verdict should be.  Nothing in the verdict form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the essential elements of the claims that must be proven. The verdict form is meant only to assist you in recording your verdict.

The verdict form begins with Section **[•]** and ends with Section **[•]**.  **[The rest of this paragraph will explain the verdict form.]**

The verdict form should then be signed and dated by the foreperson. Your verdict must be unanimous.

If you think it might help you in your deliberations, you may consider reviewing the verdict form early in your deliberations to get a sense of the issues you will need to address.

**Instruction No. 58: Jury's Responsibility**

Please remember that nothing said in these instructions and nothing in the verdict form is meant to suggest or convey in any way or manner my belief as to what verdict I think you should return.  What the verdict shall be is your sole and exclusive duty and responsibility.

**Instruction No. 59: Returning a Verdict; Polls**

Lastly, I want to mention one or two matters before you begin your deliberations. These concern how your verdict will be delivered. When you have reached your verdict, just send me a note telling me you have reached a verdict, and have your foreperson sign the note. Do not tell me what your verdict is, and do not send your verdict form out. I will find out your verdict by asking your foreperson to provide the verdict form, and the verdict will then be stated in open Court after you have finished your deliberations and returned to Court.

Don't be surprised when your verdict is returned if one of the parties asks that the jury be polled. The reason for polling the jury is because each party has a right to be sure that your verdict is unanimous. "Polling" means that after the foreperson states your verdict, I will ask each of you individually whether your verdict agrees with that announced. Your job is easy. If you agree with the verdict, you should simply say "yes" when I call the number of your jury seat. If you disagree in any way you should simply say "no." Do not say anything other than "yes" or "no" in response to a poll of the jury, and do not say anything during the poll unless and until your seat number is called.

Members of the jury, at this time you may retire to begin your deliberations.