UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASSANDRA M. MENOKEN,<br><br>*Plaintiff*,<br><br>v.<br><br>CHARLOTTE A. BURROWS, in her official capacity as Chair of the U.S. Equal Employment Opportunity Commission,<br><br>*Defendant*. | No. 16-cv-2480 (DLF) |

**MEMORANDUM OPINION AND ORDER**

This is a civil rights action brought by Cassandra M. Menoken, an attorney formerly employed by the U.S. Equal Employment Opportunity Commission (EEOC), against Charlotte A. Burrows, the EEOC's Chair, in her official capacity.[1] More than five months ago, the Court scheduled—at Menoken's request—a jury trial to begin on January 17, 2024.[2] Min. Order of Aug. 3, 2023. One week before trial, however, the plaintiff repeatedly failed to appear in court and authorized her then-standby counsel to advise the Court that she had no intention of participating further in the Court's proceedings.

Since then, the plaintiff has made a series of allegations against this Court. Among other things, the plaintiff alleges that the Court has shown a "dismissive attitude about the case" and a

---

[1] The parties agree that Charlotte A. Burrows, the Commission's chair, is the sole defendant in this case and is only a defendant in her official capacity. Tr. of Mot. Hrg. at 28:11–14 (Dec. 19, 2023).

[2] This case was reassigned by the Clerk's Office to the undersigned on August 31, 2021, following the D.C. Circuit's affirmance in part, reversal in part, and remand in *Menoken v. Dhillon*, 975 F.3d 1 (D.C. Cir. 2020).

1

"lack of regard for [the plaintiff] as an attorney deserving of professional respect." Pl.'s Resp. to EEOC's Mot. to Dismiss at 2, Dkt. 114. The plaintiff has also complained of "a veritable explosion of filings and orders from the Government and the Court since December 26, 2023," all of which caused "chaos and confusion . . . predictably wreaking havoc on Plaintiff's efforts to prepare for trial." *Id.* at 1–2.

What Menoken fails to acknowledge, however, is that the "chaos and confusion" that has ensued has not stemmed from any actions taken by the Court or by opposing counsel, but rather from the plaintiff's repeated failures to comply with court orders. Now before the Court, unsurprisingly, is the defendant's motion to dismiss this case under Federal Rule of Civil Procedure 41(b) and the Court's inherent authority. Dkt. 113. For the reasons that follow, the Court will grant the motion.

I.   BACKGROUND

The conduct underlying the defendant's motion began after the Court issued rulings on the defendant's renewed motion for summary judgment, which granted summary judgment to the defendant on some but not all of the plaintiff's claims, and the plaintiff's motion for reconsideration. At an August 3, 2023 hearing, Menoken—a former EEOC attorney who has over 35 years' experience, Pl.'s Pretrial Stmt. at 3, Dkt. 94—indicated that she "[was] confused by the Court's written ruling," as "there were areas, facts, that have gotten conflated, have gotten overlooked," Tr. of Status Hrg. at 12:7–9 (Aug. 3, 2023). The Court restated orally that only two of the plaintiff's claims had survived summary judgment. *Id.* at 12:15–21.

The plaintiff did not seek an interlocutory appeal of the Court's summary judgment order or mandamus relief from it. Nor did she file a recusal motion. Instead, she ignored the Court's rulings. In pretrial proceedings, the plaintiff subsequently submitted proposed jury instructions

that included instructions on claims the Court had explicitly rejected at the summary judgment stage, including (for example) a claim for failure to accommodate under the Rehabilitation Act. *Compare* Pl.'s Proposed Jury Instr. at 7–8, Dkt. 86, *with* Mem. Op. at 4–8 (Feb. 2, 2023), Dkt. 53. She also refused to acknowledge in her pretrial statement that the Court's summary judgment opinion narrowed her claims under Title VII of the Civil Rights Act and the Rehabilitation Act. Pl.'s Pretrial Stmt. at 5, Dkt. 94. What is more, she submitted pretrial materials that were not plausibly consistent with the Court's summary judgment ruling, including two proposed exhibits the Court specifically excluded at an earlier motions hearing. *Compare id.* at 8 (listing Exhibit 9, Dr. Madsen's report, and Exhibit 15, an email exchange with Lisa Williams referring to the claims of an EEOC employee named Lwanda Okello), *and* Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. Ex. N, Dkt. 45-15 (providing a copy of Exhibit 15), *with* Tr. of Mot. Hrg. at 14:9–22, 21:10–14 (Dec. 19, 2023) (excluding both items pursuant to the defendant's motion *in limine*).

Despite a request from the defendant, Dkt. 97, the Court did not sanction Menoken for her disregard of the Court's pretrial rulings. But on January 5, 2024, after defense counsel submitted a filing indicating that they could not identify the plaintiff's exhibits, the Court ordered the plaintiff to produce and identify certain exhibits to the defendant so that the defendant could prepare for trial. Min. Order of Jan. 5, 2024. The plaintiff refused and instead invited the defendant to file a motion to dismiss the case. Pl.'s Obj. & Resp. to the Court's Jan. 5, 2024 Min. Order at 3, Dkt. 108; Email from Cassandra M. Menoken to Douglas Dreier, Brenda Gonzalez Horowitz, and Brian Hudak (Jan. 5, 2024), Dkt. 112-1. On January 8, the Court again ordered the plaintiff to comply with the Court's order of January 5, 2024 and set a status hearing for 2:30 pm the following day. Min. Order of Jan. 8, 2024. The plaintiff again refused and did not attend the status conference. Email from Cassandra M. Menoken to Douglas Dreier (Jan. 8, 2024), Dkt. 111-1.

The plaintiff was given further opportunities to comply with this Court's orders, but refused. The Court set *another* status conference for 9:00 am the following day, which the plaintiff did not attend. Min. Order of Jan 9, 2024. The Court also instructed the parties to send copies of their exhibits to chambers, which the plaintiff failed to do. *Id.* In addition, the plaintiff failed to attend a pretrial conference previously set for January 11, 2024, despite a court order specifically instructing her to appear. Min. Order of Jan. 4, 2024, Dkt. 103.

With trial fast approaching and with no path to prepare for trial without the plaintiff, the government filed a motion to dismiss this case under Rule 41(b) and the Court's inherent authority. Dkt. 113.

## II.  DISCUSSION

Under Federal Rule of Civil Procedure 41(b), "[i]f [a] plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss [the plaintiff's] case." Fed. R. Civ. P. 41(b). Rule 41(b) authorizes dismissal when a litigant fails to appear at hearings, *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 166–67 (D.C. Cir. 1990), or displays "conspicuous disregard" for a "trial court's order[s]," *Automated Datatron, Inc. v. Woodcock*, 659 F.2d 1168, 1170 (D.C. Cir. 1981). The Court also has the "inherent power" to "dismiss a complaint for failure to prosecute . . . when circumstances make such action appropriate." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962).

"As a rule . . . dismissal is in order only when lesser sanctions would not serve the interest of justice." *Bristol Petroleum*, 901 F.2d at 167. "Considerations relevant to ascertaining when dismissal . . . is warranted include the effect of a plaintiff's dilatory or contumacious conduct on the court's docket, whether the plaintiff's behavior has prejudiced the defendant, and whether deterrence is necessary to protect the integrity of the judicial system." *Id.* "Deterrence . . . justifies

dismissals when there is some indication that the client or attorney consciously fails to comply with a court order cognizant of the drastic ramifications." *Gardner v. United States*, 211 F.3d 1305, 1309 (D.C. Cir. 2000) (citing cases).

The plaintiff has willfully disregarded multiple court orders. The Court ordered the plaintiff to appear at three separate hearings; she appeared at none. Min. Order of Jan. 4, 2024; Min. Order of Jan. 8, 2024; Min. Order of Jan. 9, 2024. The Court ordered the plaintiff to produce and identify certain exhibits for the government and to send her trial exhibits to the Court; she did not. Min. Order of Jan. 8, 2024; Min. Order of Jan. 9, 2024. And the Court granted the defendant summary judgment on several of the plaintiff's claims; even so, the plaintiff's pretrial statement and subsequent filings asserted those claims anyway. *See, e.g.*, Pl.'s Pretrial Stmt. at 3, Dkt. 94. In the plaintiff's own words, the plaintiff "has not diverted time and energy" to complying with many of the Court's directives. *See, e.g.*, Pl.'s Obj. & Resp. to the Court's Jan. 5, 2024 Min. Order, Dkt. 108 ("Plaintiff's response to the Court's show cause Order is that she has not diverted time and energy to" complying with it.).[3]

Given the plaintiff's extreme, dilatory, and unprofessional conduct, the Court concludes that dismissal of this action with prejudice is appropriate under Rule 41(b). Starting with the Court's own docket, the Court finds that the plaintiff's behavior has seriously impeded the Court's "orderly processing and trial of cases." *Automated Datatron*, 659 F.2d at 1170. Contrary to the Court's instructions, the plaintiff has not shared her exhibit list with the Court. Nor has she appeared at the Court's pretrial hearings. As a result, the Court has been unable to rule on the

---

[3] A former government attorney with decades of experience, the plaintiff is herself familiar with the Federal Rules of Civil Procedure and the consequences of failing to obey court orders. Fortunately for the plaintiff, the defendant is not requesting that the Court hold her in contempt. *See Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801–02 (2019). Nor is it seeking sanctions against her under Rule 11 or 28 U.S.C. § 1927.

5

parties' objections to witnesses and exhibits or finalize its jury instructions, and it will not be able to proceed with trial without seriously disrupting its calendar. The Court is not willing to pursue lesser sanctions—such as dismissal without prejudice or further admonishment by the Court—that would delay other litigants' access to justice because the plaintiff refuses to proceed in good faith. *Cf. Shea v. Donohoe Constr. Co., Inc.*, 795 F.2d 1071, 1076 (D.C. Cir. 1986) ("[T]he District Court is not required to disrupt its well-planned trial schedule to find a new date for [a] missed trial."); *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985).

The plaintiff's behavior has also prejudiced the defendant and third parties. Defense witnesses have made plans to appear at trial next week, one that cannot take place because of the plaintiff's intransigence. And because the plaintiff has refused to identify her exhibits clearly, despite the Court's multiple orders, defense counsel plausibly represents that they still do not understand what evidence the plaintiff intends to present at trial. *See* Tr. of Status Hrg. at 9:11–13 (Jan. 9, 2023). For all these reasons, allowing the plaintiff's case to continue would impose unfair costs on the defendant and others.

Last but not least, "deterrence" in this case "is necessary to protect the integrity of the judicial system." *Bristol Petroleum*, 901 F.2d at 167. As noted, the plaintiff is a former GS-15 attorney with more than 35 years of experience. Pl.'s Pretrial Stmt. at 3, Dkt. 94. She has served as a trial attorney and in senior government roles. *Id.* She also has personal experience with dispute resolution in the federal system: she has filed at least five administrative complaints within the EEOC and at least six lawsuits in federal court. *Id.* at 8 (listing four administrative complaints); *Menoken v. McGettigan*, 273 F. Supp. 3d 188, 193–95 (D.D.C. 2017) (listing an additional administrative complaint and three additional cases); *Menoken v. MSPB*, No. 2022-2301, 2023 WL 5970783 (Fed. Cir. Sept. 14, 2023) (additional case). Yet despite her knowledge and expertise,

the plaintiff has chosen to defy the Court's orders repeatedly and obstruct the progress of her own case. "On the spectrum of . . . misconduct," the plaintiff's behavior is "egregious" and warrants dismissal. *Wash. Metro Area Transit Comm'n v. Reliable Limo. Serv., LLC*, 776 F.3d 1, 6 (D.C. Cir. 2015); *cf. Bristol Petroleum*, 901 F.2d at 166 (holding that plaintiff's failure to appear at a *single* status conference, on pain of dismissal, justified order dismissing case under Rule 41(b)).

The plaintiff cannot claim that she did not see dismissal under Rule 41(b) on the horizon. As an experienced lawyer, she "may be presumed to be familiar with Rule 41(b)'s dismissal sanction." *Camps v. C & P Tel. Co.*, 692 F.2d 120, 124 (D.C. Cir. 1982). Independently, the defendant filed a motion referencing the possibility of Rule 41(b) sanctions in late December. *See* Def.'s Mot. for an Expedited Order Requiring Pl. to Comply with the Court's Orders at 6–10, Dkt. 97. The Court warned the plaintiff's standby counsel about the possibility of a Rule 41(b) motion at a January 10, 2024 hearing and would have warned the plaintiff herself had she appeared.[4] The plaintiff also had advance notice of the motion because the Court's order authorizing the defendant to file it appears on the Court's docket, to which Menoken has access, and the Court gave the plaintiff a full day to respond to the motion or request an extension of time to respond. Min. Order of Jan. 10, 2024; Min. Order of Jan. 11, 2024. Moreover, the plaintiff herself invited the defendant to file a motion to dismiss and said she would not oppose the motion. Email from Cassandra M. Menoken to Douglas Dreier, Brenda Gonzalez Horowitz, and Brian Hudak, Dkt. 112-1. Finally,

---

[4] On November 1, 2023, the plaintiff retained counsel to "support [her] with . . . motions *in limine* and [her] trial." Pl.'s Consent Mot. to Extend Time at 1, Dkt. 69 (Nov. 1, 2023); *see* Dkt. 68. The Court subsequently ruled that the plaintiff could proceed "*pro se* or as a represented party," but could "not serve as [*pro se*] 'co-counsel' with her attorney." Min. Order of Dec. 26, 2023 (summarizing Tr. of Mot. Hrg. at 7:7–19 (Dec. 19, 2023)). Subsequently, although the plaintiff's counsel did not file a motion to withdraw, she and the plaintiff informed the Court that she would remain in the case in an advisory capacity only, Dkts. 103, 104, and she alone appeared at the Court's January 10, 2024 hearing. After the Court's hearings on January 10 and January 11, the plaintiff's counsel filed a motion to withdraw. Dkt. 115.

the plaintiff affirmatively declined the Courtroom Deputy's Microsoft Outlook invitation containing the link for the Court's January 11, 2024 videoconference hearing, in which the Court discussed Rule 41(b) dismissal.

Further, the plaintiff cannot claim that the Court dismissed her case without exploring "less dire alternatives." *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 187 (D.C. Cir. 1985). The Court issued several orders and gave the plaintiff "ample opportunity" to comply with them. *Automated Datatron*, 659 F.2d at 1169. When the plaintiff refused, the Court scheduled a hearing to try to resolve the impasse informally. Only after the plaintiff *twice* refused to appear did the Court authorize the defendant to file a Rule 41(b) motion. And even then, the Court did not grant the motion until the plaintiff failed to appear at yet another hearing. Indulging the plaintiff further "would serve only to countenance [her] repeated violations of the court's . . . orders." *Stella v. Mineta*, 231 F.R.D. 44, 48 (D.D.C. 2005).

The Court recognizes that this action has produced many "filings and orders . . . since December 26, 2023," Pl.'s Resp. to EEOC's Mot. to Dismiss at 1, Dkt. 114, and that the Court's ruling that the plaintiff could not simultaneously appear *pro se* and with counsel may have made her trial preparation more challenging, *see* Tr. of Mot. Hrg. at 7:7–19 (Dec. 19, 2023). But the plaintiff chose not to respond to these challenges in good faith—say, by seeking a continuance or an extension of the Court's pretrial deadlines. Instead, she refused to appear before the Court or honor its decisions. In no circumstance is that response acceptable. The plaintiff's misconduct is particularly astounding given her former status as an officer of the court.

The plaintiff further argues that the defendant's motion seeks to sanction her "for the contents of her Pretrial Statement[,] which makes clear her intention to exercise her right to try the claims she brought on the legal 'theories' *she* believes apply." Pl.'s Resp. to EEOC's Mot. to

Dismiss at 2, Dkt. 114.  As an initial matter, it is difficult to fathom, in light of her legal background and the Court's multiple restatements of its summary judgment ruling, why the plaintiff believes that she can disregard the Court's rulings on summary judgment.  Putting that aside, the Court's decision on the pending motion does not turn on the contents of the plaintiff's pretrial statement, even though the contents of that statement were difficult to reconcile with the Court's clear orders.  The Court instead dismisses this case because of the plaintiff's repeated refusal to appear for hearings, clearly identify and produce her exhibits, and otherwise proceed with this case in good faith.

Finally, in a January 11, 2024 status hearing, defense counsel informed the Court that the plaintiff had alleged in an interview with a reporter from Law360 that the Court sought to "punish[] her by granting her only 24 hours to respond to [the defendant's] motion."  Grace Elletson, *Ex-EEOC Atty Deserted Retaliation Suit, Agency Says*, Law360 (Jan. 10, 2024), https://perma.cc/CQQ5-CXU9.  Nothing could be further from the truth.  When the Court set its briefing schedule for the defendant's Rule 41(b) motion, the Court had less than one week to figure out how to resolve multiple substantive pretrial issues, to choose whether to schedule other matters for next week, and to notify the jury office of whether jurors were required to appear in its courtroom, all without any cooperation by the plaintiff.  Until today, the Court was prepared to do its part to bring this matter to trial.  The plaintiff was not.  A court cannot prepare for and conduct a civil trial with a plaintiff who refuses to prosecute her case.

The plaintiff's repeated misconduct and her failure to prosecute this case have seriously prejudiced the defendant.  Because no lesser sanction would take adequate account of the factors the Court has discussed, the Court will dismiss the case with prejudice.  *See Jones v. Horne*, 634 F.2d 588, 603 (D.C. Cir. 2011); LCvR 83.23.  Accordingly, it is hereby

9

**ORDERED** that the defendant's Motion to Dismiss, Dkt. 113, is **GRANTED**.  It is further

**ORDERED** that this action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is directed to close this case.

**SO ORDERED.**

January 12, 2024

DABNEY L. FRIEDRICH
United States District Judge