IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASSANDRA M. MENOKEN, Esquire )<br>)<br>         Plaintiff           )<br>v.                              )<br>)<br>CHARLOTTE A. BURROWS, Chair,  )<br>UNITED STATES EQUAL EMPLOYMENT )<br>OPPORTUNITY COMMISSION,      )<br>)<br>         Defendant.         ) | Civil Action No: 1:16-cv-02480 (DLF) |

**NOTICE OF APPEAL**

By this filing, notice is given that Cassandra M. Menoken, Esq., Plaintiff in the captioned matter, hereby appeals to the United States Court of Appeals for the District of Columbia Circuit to challenge the district court's rulings and non-rulings as reflected in formal orders, memoranda and decisions, as well as, *informal* oral and written directives, to *include* the following:

1. The January 12, 2024 Memorandum Opinion and Order [Dkt No.116] granting EEOC's Motion to Dismiss under Fed. R. Civ. P. 41 (b); [1]

2. The January 8, 2024 Minute Order implicitly overruling Plaintiff's objections to the pattern of favoring the government as illustrated by a January 5, 2024 "show cause" Order directing, *sua sponte,* that Plaintiff accommodate DOJ Counsel's concerns with no comparable directive addressing concerns raised by her;

3. The January 3, 2024 Minute Order [Dkt No. 103] evincing alignment with DOJ Counsel's disruptive behavior after he and his co-counsel were advised, on December 26, 2023, of Plaintiff's decision to resume her lead role in preparing for trial. *See* Plaintiff's Notice [Dkt No. 104] for details;

4. The December 26, 2023 Minute Order implicitly denying Plaintiff's request for an immediate conference with the court to resolve the parties' dispute over whether Plaintiff is entitled to decide how her representational arrangement is configured;

5. The December 19, 2023 Minute Entry announcing, for the first time, that the December 19 "motions" hearing had been converted to an "Initial Pretrial Conference," rendering Plaintiff's newly hired counsel ill equipped to address matters beyond the scope of the motions the parties filed on November 9, 2023;

---

[1] The district court's judgment is not "separately" entered as required by Rule 58 (a).

6. The December 19, 2023 *oral* directive barring Plaintiff, and her newly hired counsel, from functioning as "co-counsel" out of concern DOJ Counsel could be unfairly "tag teamed" (despite being supported by the EEOC and OPM Offices of General Counsel); evincing no concern over the intensive challenges Plaintiff was facing in her effort to meet the extraordinary demands of the litigation.

7. The December 19, 2023 *oral* ruling denying [Dkt. No. 75] Plaintiff's *Corrected* Motion In Limini upon finding the government "substantially justified" in failing to respond to Interrogatory 10 of Plaintiff's First Set of Interrogatories

8. The August 15, 2023 Order [Dkt No. 64] (wrongly) implying that Plaintiff had "consented" to the appointment of pro bono mediation counsel, when she had not, as noted in [Dkt No. 65] Plaintiff's August 21, 2023 response to the Order.

9. The February 2, 2023 Memorandum Opinion and Order on the government's Summary Judgment Motion [Dkt Nos 52 and 53] "granting" relief EEOC had not sought on grounds Plaintiff had been given no opportunity to address.

10. The February 28, 2023 Minute Order responding to [Dkt No. 4] Plaintiff's criticism of the legal and factual sufficiency of the summary judgment decision; imposing oppressive briefing schedule for any post-decision relief Plaintiff may seek.

11. The (ambiguous) June 5, 2023 Order denying [Dkt No. 56] Motion for Clarification and Reconsideration despite *altering* the summary judgment decision in response to the motion; and (among other omissions) failing to acknowledge Plaintiff's **uncontested showing** that the decision is materially compromised by being partially predicated on a narrative *fabricated* by EEOC and its DOJ counsel.

12. The October 8, 2021 Minute Order denying Plaintiff's request in [Dkt. 33] for an Order directing EEOC to comply with its duty, under 29 CFR 1614.110 (b), to issue a final decision in a related administrative complaint; (wrongly) implying the court had no authority to do so.

13. The August 31, 2021 Minute Order (entered the same day the case was "randomly" reassigned) *denying* [Dkt. No. 29] Plaintiff's **unopposed motion** for Order directing EEOC to Answer the Amended Complaint; expressing view that the Circuit's ruling on the reasonable accommodation claim was narrow; noting preference to prioritize entertaining a second motion to dismiss by EEOC before implementing the mandate.

> Respectfully submitted,
> /s/*Cassandra M. Menoken*
> Cassandra M. Menoken, Esq. *pro se*
> 131 Tennessee Avenue NE
> Washington, D.C. 20002
> Tele: (202) 546-7671
> CMMEsqDC@gmail.com

- 3 -

## CERTIFICATE OF SERVICE

    The undersigned certifies that, on March 12, 2024, she caused the foregoing to be served on DOJ Counsel, Douglas C. Dreier, Esquire, via the Court's ECF Notice system.

                                                          /s/*Cassandra M. Menoken*